UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ, Booking #14745493,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM GORE, et al.,<br><br>Defendants. | Case No.  3:22-cv-00025-GPC-MDD<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**<br><br>**AND**<br><br>**DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff Pedro Rodriguez, a former state prisoner who is currently detained at the San Diego County Sheriff's Department Vista Detention Facility,[1] is proceeding pro se and has filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983. *See* Compl. ECF No. 1. Rodriguez did not prepay the civil filing fee required to commence a civil

---

[1] Rodriguez was detained at the San Diego County Sheriff Department's George Bailey Detention Facility at the time he filed his Complaint, but has since filed a change of address due to his transfer to the Sheriff Department's Vista Detention Facility. *See* ECF No. 5.

1

action at the time he filed his Complaint; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

Rodriguez seeks to sue former San Diego County Sheriff William Gore, the County of San Diego itself, and the current Secretary of the California Department of Corrections and Rehabilitation ("CDCR") for violating his Eighth Amendment right to be free from cruel and unusual punishment and for failing to appropriately accommodate his disabilities under the Americans with Disabilities Act ("ADA"). *See* Compl. at 11–15. He seeks a declaratory judgment and $1 million in compensatory damages. *Id.* at 16.

## I. Motion to Proceed IFP

### A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Rodriguez, however, "face an additional hurdle." *Id.*

In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney*

*v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless she faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B.  Discussion

Rodriguez's Complaint alleges two causes of action. First, he claims Sheriff Gore, the County of San Diego, and CDCR Secretary Allison have all violated the ADA by denying him access to the same "programs, medical durable equipment, mental health, education, good time credit courses, job resources, vocation training, physical therapy, exercise, and law library access" he was previously provided as a disabled inmate before he "paroled" from Valley State Prison "after serving his base term" in September 2021.[2]

---

[2] Rodriguez claims he is currently "unlawfully detained" due to San Diego Superior Court "aggregate" Case Nos. SCN333477 and SCN340334. *See* Compl. at 5. In fact, Rodriguez has three petitions for writ of habeas corpus currently pending in the Southern District of California challenging the validity of his prior convictions in these cases. *See Rodriguez v. Fisher*, S.D. Cal. Civil Case No. 3:21-cv-01395-JLS-AHG; *Rodriguez v. Fisher*, S.D. Cal.

*See* Compl. at 5, 11. Second, Rodriguez claims Defendants Gore and the County violated the Eighth Amendment by "fail[ing] to abate COVID-19 exposure with social distancing protocols" while he was detained at George Bailey Detention Facility. *Id.* at 13–15.

The Court has carefully reviewed Rodriguez's Complaint but finds it includes no "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Section 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past injury or generalized fears of possible future harm. *See id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."). The "common definition of 'imminent' . . . does not refer only to events that are already taking place, but to those events 'ready to take place' or 'hanging threateningly over one's head.'" *Id.* at 1056.

Thus, without more, Rodriguez's allegations that Defendants have failed implement sufficient COVID-19 protocols at George Bailey Detention Facility and have further failed to ensure he is offered the same disability accommodations as he was previously provided while in CDCR custody, do not meet § 1915(g)'s imminent danger exception. *See e.g., Blackwell v. Covello,* 2022 WL 118949, at *4 (E.D. Cal. Jan. 12, 2022) ("[C]onclusory concerns about contracting COVID-19 do not amount to a plausible allegation of imminent danger" under § 1915(g)) (citing cases); *Harris v. Theresa C.*, 2021 WL 5449602, at *2 (E.D. Cal. Nov. 22, 2021) (finding prisoner's claims of inadequate access to the law library, inadequate access to ADA workers, discrimination based on disability and failure to receive a COVID-19 stimulus check insufficient to meet § 1915(g)'s imminent danger exception), *report and recommendation adopted*, 2022 WL 48281 (E.D. Cal. Jan. 5, 2022); *Balzarini v. Lewis,* 2015 WL 2345464, *8 (E.D. Cal. May 14, 2015) (finding prisoner's

---

Civil Case No. 3:21-cv-01442-BAS-MSB; and *Rodriguez v. Fisher*, S.D. Cal. Civil Case No. 3:21-cv-01443-MMA-WVG.

disagreement with medical personnel about the course of his treatment for Hepatitis C and adequacy of his pain medication insufficient to establish imminent danger); *Stewart v. Lystad*, No. 2:16-CV-01439-BHS-JRC, 2016 WL 6816278, at *3 (W.D. Wash. Oct. 14, 2016) (finding prisoner's claims of "intractable" foot pain, and an alleged inability to "work out, fall asleep, work, stand for long periods or walk long distances" insufficient to satisfy § 1915(g)'s "imminent danger" exception), *report and recommendation adopted*, 2016 WL 6805339 (W.D. Wash. Nov. 17, 2016).

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, but "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. Therefore, this Court takes judicial notice of federal court docket proceedings available on PACER[3] and finds that Plaintiff Pedro Rodriguez, currently identified under Booking No. 14745493, and previously identified as CDCR Inmate #BC-6583, while incarcerated, has had five prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

(1)  *Rodriguez v. Robinson, et al.*, Civil Case No. 3:14-cv-02770-LAB-WVG (S.D. Cal. Jan. 16, 2015) (Order Granting Motion to Proceed IFP and Dismissing Complaint for failing to state a claim) (ECF No. 4) (strike one);

---

[3] A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

(2) *Rodriguez v. Mitchell, et al.*, Civil Case No. 3:14-cv-02708-GPC-WVG (S.D. Cal. Feb. 18, 2015) (Order granting Motion to Proceed IFP and Dismissing Complaint for failing to state a claim) (ECF No. 4) (strike two);

(3) *Rodriguez v. Stall, et al.*, Civil Case No. 3:14-cv-02646-LAB-DHB (S.D. Cal. Apr. 23, 2015) (Order Dismissing First Amended Complaint for failing to state a claim) (ECF No. 11) (strike three);

(4) *Rodriguez v. Greco, et al.*, Civil Case No. 3:15-cv-02040-DMS-JLB (S.D. Cal. Jan. 15, 2016) (Order Dismissing Second Amended Complaint for failing to state a claim) (ECF No. 13) (strike four); and

(5) *Rodriguez v. Pierce, et al.*, Appeal No. 16-55150 (9th Cir. July 19, 2016) (Order denying IFP on appeal based on frivolousness) (Dkt. No. 14); (9th Cir. Aug. 25, 2016) (Order dismissing appeal for failing to perfect appeal) (Dkt. No. 16) (strike five). [4]

Accordingly, because Rodriguez has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

///

///

///

---

[4] *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (finding that appellate court's denial of prisoner's request for IFP status on appeal on grounds of frivolousness constituted a "strike" under § 1915(g) "even though [it] did not dismiss the appeal until later when the [appellant] did not pay the filing fee.").

### III. Conclusion and Order

For the reasons set forth above, the Court:

(1) **DENIES** Rodriguez's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

(2) **DISMISSES** this civil action without prejudice based on Rodriguez's failure to pay the full statutory and administrative $402 civil filing fee required by 28 U.S.C. § 1914(a);

(3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

(4) **DIRECTS** the Clerk of Court to close the case.

**IT IS SO ORDERED**.

Dated: March 22, 2022

Hon. Gonzalo P. Curiel
United States District Judge